ST. PAUL & DULUTH RAILROAD CO. vs. VILLAGE OF HINCKLEY.

Argued May 11, 1893.    Decided June 6, 1893.

**Adverse Possession as against the Claim of the Public to a Street.**
    Facts found, considered as not showing that the exclusive occupancy
    for fifteen years, by a railroad for station yard purposes, of land pre-
    viously dedicated (but not used) as a public highway, was not *adverse*
    to the public, so as to have conferred title by adverse possession; the
    court not having found that such possession was adverse. MITCHELL, J.,
    dissenting.

Appeal by plaintiff, St. Paul and Duluth Railroad Company, from an order of the District Court of Pine County, *F. M. Crosby,* J., made November 28, 1892, denying its motion for a new trial.

The plaintiff brought this action to restrain the defendant, the Village of Hinckley, from opening and improving South Main Street, across the tracks of its railroad. The Village was laid out and platted prior to 1871, and this street dedicated to the public. But the part of it in question was never opened for public travel or worked or improved at the public cost. In the Spring of 1877, the Lake Superior and Mississippi Railroad Company laid the main track and two side tracks of its road across the street. It after-wards sold and conveyed its railroad to the plaintiff. These tracks

have been used and maintained by the two companies ever since they were constructed. This use of the *locus in quo* has been such as to exclude the public from the use thereof. The two companies ran their cars over these tracks, switched, made up trains, and left cars standing thereon. Neither the plaintiff nor its predecessor ever had any claim, or color of title, to this part of the street, other than the rights acquired by such occupation. To now open and grade the street would cut the plaintiff's station yard at Hinckley into two parts and greatly interfere with its business.

This action was commenced August 4, 1892, and a temporary injunction issued. The issues were tried and findings filed October 13, 1892. The court found that plaintiff was not entitled to relief and directed judgment to be entered against it for costs, and dissolving the temporary writ. A motion for a new trial was denied, and plaintiff appealed December 5, 1892. Some subsequent proceedings for contempt, in disobeying the injunction are reported. *In re Saunders, ante,* p. 102.

*Lusk, Bunn & Hadley* and *J. D. Armstrong,* for appellant.

The facts found show actual, open, exclusive and continuous possession in the plaintiff for over fifteen years prior to the commencement of this action. The ground has never been traveled or used as a street. The plaintiff has continuously used it as part of its railroad yard; has run cars over the same, and left them standing thereon; its use has been such as to exclude the public from the use thereof. So far as the character of the occupation is concerned, it has abundantly satisfied every requirement of the law to make it adverse. The public lose the right to occupy a street by adverse occupation on the same principle upon which a private right to land is lost. This case is not different from the same acts of occupation exercised on private property. *City of St. Paul* v. *Chicago, M. & St. P. Ry. Co.,* 45 Minn. 387.

Actual, continuous, open occupation for fifteen years being shown, it is to be presumed after this lapse of time that it was hostile and under claim of right. Occupation for the statutory period is of little weight or value, if it is not *prima facie* proof of an entry under claim of right; for after the lapse of time, further proof is often impossible, and the longer the occupation, the more impossible.

The inference drawn by the trial court of an original trespass or license, is contrary to the fundamental doctrine of title by adverse occupation or prescription. *Seymour, Sabin & Co.* v. *Carli*, 31 Minn. 81; *Coleman* v. *Northern Pacific R. Co.*, 36 Minn. 525; *Brown* v. *Morgan*, 44 Minn. 432; *Ramsey* v. *Glenny*, 45 Minn. 401; *Village of Glencoe* v. *Wadsworth*, 48 Minn. 402; *Village of Wayzata* v. *Great Northern Ry. Co.*, 50 Minn. 438; *Illinois Central R. Co.* v. *Houghton*, 126 Ill. 233; *Doe* v. *Lawley*, 13 Q. B. 954; *Johnson* v. *Gorham*, 38 Conn. 522.

The adverse intention is presumed in the absence of admissions to the contrary or other proof that it was permissive only. As acts speak louder than words, the hostility of possession is best and sufficiently shown, by its actual, notorious and exclusive character; the mere fact of such possession, in general indicates that it was adverse.

*Robert C. Saunders,* for respondent.

Action by the Railroad Company to restrain the Village from opening and maintaining a public street, crossing over the tracks of the Railroad Company.

Possession, to bar the title of the legal owner, must be hostile or adverse, actual, visible, notorious and exclusive, continuous and under claim or color of title. In any given case, every one of these essential elements must exist, and they must be affirmatively shown by the occupant. The existence of one is not to be presumed from the existence of any or all of the others. In this case, two of these essential elements are conspicuous by their absence, namely hostility, and claim or color of title. The findings expressly negative a claim or color of title and are silent as to hostility of possession. Exclusive possession is not adverse possession. *Thompson* v. *Felton*, 54 Cal. 547.

Plaintiff requires the court to make two presumptions, *first*, that it entered under claim or color of title, and *second*, that its possession has been adverse. A presumption from a presumption cannot be indulged in. *Manning* v. *Insurance Company*, 100 U. S. 693; *Philadelphia City Passenger Ry. Co.* v. *Henrice*, 92 Pa. St. 431; *Danley* v. *Rector*, 10 Ark. 211.

The court below found as a fact that the plaintiff entered without claim or color of title. Necessarily its occupancy was that of a trespasser or licensee. There is no room for any presumption in the case. The possession of a mere trespasser entering and holding without claim of right, is not adverse to the rightful owner and does not ripen into title by the lapse of time. *Clark's Lessee* v. *Courtney*, 5 Pet. 319; *Bernstein* v. *Humes*, 78 Ala. 134; *Village of Wayzata* v. *Great Northern Ry. Co.*, 46 Minn. 505.

It has been held in many jurisdictions that title to a public highway cannot be gained by occupancy, even though all the essential elements of adverse possession exist. *Hoadley* v. *City & County of San Francisco*, 50 Cal. 265; *Brooks* v. *Riding*, 46 Ind. 15; *Indianapolis, P. & C. R. Co.* v. *Ross*, 47 Ind. 25; *Webber* v. *Chapman*, 42 N. H. 326.

And though such is not the doctrine in this state, yet this court has never gone so far as to indulge unfavorable presumptions against the public.

DICKINSON, J. By this action the plaintiff seeks to have the defendant enjoined from opening and maintaining a public street across its railroad tracks and station yard. The case involved an issue of fact as to whether the plaintiff had, by adverse possession of the premises for the period of fifteen years, acquired a right to the same to the exclusion of the public. The plaintiff, appealing from an order denying a new trial, brings before us for review only the findings and conclusion of the court, upon which judgment was directed for the defendant.

It appears from the findings of the court that the premises in question became a highway by dedication as early as 1872, but that, until recently, this part of the highway or street had not been needed for public use, and had not been opened for public travel. More than fifteen years before the commencement of this action the plaintiff had entered upon the part of the street here in question, laid its tracks across the same, consisting of a main track and two side tracks, which it has ever since maintained and operated, using these premises as a part of its railroad yard. The court found that this use of the land by the plaintiff had been such as to exclude the public from the use thereof. We under-

stand the meaning of this to be that the use by the railroad was *of such a nature* as to be incompatible with a use of the same premises by the public. The court also found that the plaintiff never had any claim or color of title except such as may arise from the facts found. The conclusion and decision of the court was that the plaintiff was not entitled to any relief against the proposed opening of the street.

The contention of the plaintiff is that, upon the facts found, judgment should have been directed in its favor, upon the ground that by its adverse possession for fifteen years the public easement had been extinguished. Adverse possession may have such an effect, even against the public. *City of St. Paul* v. *Chicago, M. & St. P. Ry. Co.*, 45 Minn. 387, (48 N. W. Rep. 17.) It will, however, be noticed, and it is virtually conceded on the part of the plaintiff, that the express findings of the court do not embrace one of the facts always essential to constitute title by adverse possession, viz. that the possession was hostile or adverse. The court has not so found; but the plaintiff insists that it is necessarily to be inferred, from the facts found, that the plaintiff's possession was hostile, and hence that the court erred in its conclusion. The plaintiff would have us, on appeal, infer the existence of the fact referred to; and having thus supplied, by inference, the fact which is necessary for the plaintiff's case, we are asked to declare that the conclusion of the court below was wrong. This cannot be done. We may accept as correct the proposition that from the facts as found by the court, if those were the only facts shown on a trial, the inference of fact would naturally be drawn that the plaintiff's possession was adverse to the public. But whether the possession was adverse—hostile—is a matter of fact, and not of law. We are asked on appeal to supply by inference a *fact* which is essential to the plaintiff's case, and without which the decision of the court below was right. It is not for an appellate court to do this, (*Miller* v. *Chatterton*, 46 Minn. 338, 48 N. W. Rep. 1109;) and, even if it were true that, under any circumstances, we could supply facts by intendment, we cannot do so in this case, upon a review of the findings only, and without the evidence. The facts in issue, and upon which a judgment is to rest, must be established by the evidence and admissions of the parties at the trial, and no fact

necessarily involved in the issues can be judicially determined in ignorance or disregard of the evidence. However natural might be the inference of fact that the plaintiff's possession was hostile, if, upon the trial, only such facts should be disclosed as are ex-pressed in these findings of the court, yet how can we know or as-sume that in the trial of this case *the evidence* was not such as to render that inference doubtful, or even impossible? The facts found are not necessarily, and in their nature, inconsistent with the plain-tiff's occupancy having been in subordination to, and in constant and express recognition of, the right of the public to use the premises for street purposes whenever such use should become necessary or expedi-ent. If we were to now infer, as a fact, that the possession was ad-verse, our inference might be directly contrary to the facts as shown by the evidence. The findings before us do not compel such an in-ference.

The burden of proof was upon the plaintiff. If it does not here show a case justifying relief, it must fail, and judgment was rightly ordered for the defendant. Its remedy for curing a defect in the finding of facts which it had to establish was by motion in the trial court for a specific finding upon this issue.

Order affirmed.

MITCHELL, J. I am unable to concur with the views of my brethren. In my opinion the assumption that there might have been other facts established by the evidence which would modify the effect of the facts found is wholly unwarranted. On the con-trary, I think we are bound to assume that the court found all the material facts which the evidence established. The facts found are in effect that plaintiff's possession was continued, exclusive, and just as incompatible with any use of the premises by the public as if they had been covered with buildings. From these facts, in the absence of any other modifying or doing away with their force, the adverse or hostile character of the possession followed as a conclusion or inference of law.

VANDERBURGH, J., did not participate in this decision.

(Opinion published 55 N. W. Rep. 560.)

Application for reargument denied June 16, 1893.